*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 29, 2023

Plaintiff-Appellant,

v

No. 363138
Oakland Circuit Court
LC No. 2022-193360-AR

COURTNEY MARIE DANIELS,

Defendant-Appellee.

Before: HOOD, P.J., and SHAPIRO and YATES, JJ.

PER CURIAM.

While Jacob Amick was facing charges of criminal sexual conduct (CSC) for acts allegedly committed against AT, the 12-year-old daughter of defendant, Courtney Marie Daniels, defendant made a video call to her mother and AT before AT gave testimony against Amick at his preliminary examination. In that call, defendant instructed her mother not to take AT to testify against Amick, called AT a "lying bitch" because the sexual acts with Amick never happened, and threatened that her mother and AT would never see defendant's three-year-old son if AT testified against Amick. The evidence established that defendant made that video call from a location in Wayne County to her mother and AT, who received that call in Wayne County. But because Amick's criminal case was occurring in Oakland County, the Oakland County prosecutor's office charged defendant with witness intimidation under MCL 750.122(6) in Oakland County. The district court dismissed that charge based on improper venue, so the Oakland County prosecutor filed an appeal to the Oakland County Circuit Court, which affirmed the dismissal for want of proper venue in Oakland County. We thereafter granted leave to appeal,[1] and we now vacate the circuit court's order and remand for further proceedings against defendant in Oakland County on the witness-intimidation charge.

---

[1] *People v Daniels*, unpublished order of the Court of Appeals, entered November 23, 2022 (Docket No. 363138).

## I. FACTUAL BACKGROUND

The basic facts are not in dispute. Jacob Amick was charged in Oakland County with CSC for acts allegedly committed against AT, who is defendant's daughter. On September 1, 2021, on the eve of Amick's preliminary examination, defendant made a video call to her mother, who was in Taylor, Michigan, with AT at the time of the call. Defendant berated her mother during the call, yelling that her mother "did not need to bring [AT] to the court date," telling her mother that if she "showed up to court" she would "never see her grandson again[,]" calling AT "a lying bitch," and stating that the alleged CSC perpetrated by Amick "never happened." In spite of that threatening call, defendant's mother drove AT to the courthouse to testify at Amick's preliminary examination. AT subsequently confirmed under oath that she took part in the video call on September 1, 2021, when defendant called. During that call, AT heard defendant say that AT should "not go to court" and that the acts of CSC "never happened." AT also heard defendant refer to her little brother and instruct AT and her grandmother to "say [y]our last goodbyes because you're not going to be able to see him anymore or talk to him."

In the wake of the video call, the Oakland County prosecutor's office filed a complaint that charged defendant with witness intimidation under MCL 750.122(6). The prosecution conceded that the video call was initiated and received in Wayne County, but nonetheless asserted that venue was proper in Oakland County because the threats defendant made and the instructions defendant gave to her mother and AT on that call were intended to have an effect in Oakland County, where Amick's preliminary examination was scheduled to take place. The district court disagreed and dismissed the charge against defendant without prejudice based on improper venue.

The prosecution appealed the dismissal to the Oakland County Circuit Court, which issued a written opinion on September 14, 2022, affirming the district court's dismissal without prejudice. The circuit court noted that "cell phone records confirmed that Defendant was in Wayne County at all times during the subject video call" and defendant's mother was also in Wayne County when she received the call. The circuit court considered MCL 762.8, which prescribes venue in criminal cases involving "2 or more acts done in the perpetration of [a] felony[,]" and concluded that venue was improper in Oakland County under that statute. The prosecution then sought leave to appeal to this Court, which we granted. See *People v Daniels*, unpublished order of the Court of Appeals, entered November 23, 2022 (Docket No. 363138). As a result, we must now consider whether the witness-intimidation charge against defendant can proceed in Oakland County.

## II. LEGAL ANALYSIS

The district court and the circuit court both rejected the prosecution's argument that venue for the witness-intimidation charge is proper in Oakland County under MCL 762.8, which states:

> Whenever a felony consists or is the culmination of 2 or more acts done in the perpetration of that felony, the felony may be prosecuted in any county where any of those acts were committed or in any county that the defendant intended the felony or acts done in perpetration of the felony to have an effect.

The two lower courts' "determination regarding the existence of venue in a criminal prosecution is reviewed de novo." *People v Houthoofd*, 487 Mich 568, 579; 790 NW2d 315 (2010). This case

involves MCL 762.8, "the interpretation of which we also review de novo." *People v McBurrows*, 504 Mich 308, 313; 934 NW2d 748 (2019). "The determination of venue is a question of fact for the jury," *People v Gayheart*, 285 Mich App 202, 226; 776 NW2d 330 (2009), so the prosecution must offer evidence at the preliminary examination sufficient to establish probable cause of proper venue. See *People v White*, 509 Mich 96, 104; 983 NW2d 348 (2022).

As a general rule, a criminal prosecution must take place in the county in which the crime was committed. *McBurrows*, 504 Mich at 313. There "are certain exceptions to or expansions of the 'general rule' " that permit "venue in locations besides the location provided for in the 'general rule.' " *Id.* One expansion is MCL 762.8, see *id.* at 326-327, which affords venue in a county in which no criminal acts occurred. But reliance on MCL 762.8 as the justification for venue depends on satisfaction of two separate requirements. First, the prosecution must establish that the charged "felony consists or is the culmination of 2 or more acts done in the perpetration of that felony[.]" MCL 762.8. Second, the prosecution must show that "the defendant intended the felony or acts done in perpetration of the felony to have an effect" in the county where venue is asserted. *Id.* If both requirements are met, venue is proper in the county where the defendant intended the felony or acts done in perpetration of the felony to have an effect. *People v Boshell*, 337 Mich App 322, 340; 975 NW2d 72 (2021). Here, the competing parties appear to agree—and for good reason—that defendant intended her acts to have an effect in Oakland County, where Amick's preliminary examination was scheduled to take place. Therefore, the outcome of this appeal turns on whether two or more acts comprised defendant's perpetration of the felony of witness intimidation.

Under MCL 762.8, "it is not necessary that the act constitute an essential element of [the] offense." *People v Meredith (On Remand)*, 209 Mich App 403, 409; 531 NW2d 749 (1995). Here, the prosecution argues that the charged witness-intimidation felony comprised at least two separate acts. We agree. The statute proscribing witness intimidation, MCL 750.122(6), states:

> A person shall not willfully impede, interfere with, prevent, or obstruct or attempt to willfully impede, interfere with, prevent, or obstruct the ability of a witness to attend, testify, or provide information in or for a present or future official proceeding.

Faithful application of that statutory language to the facts in this case reveals that defendant's one video call comprised at least two separate acts proscribed under MCL 750.122(6). First, defendant attempted to impede the ability of AT to attend Amick's preliminary examination by persuading her mother (who was AT's grandmother and AT's source of transportation) not to drive AT to the court where the preliminary examination was scheduled to occur. Second, defendant attempted to interfere with the ability of AT herself to testify by threatening to cut off contact between AT and her little brother if AT testified against Amick. Those two acts by defendant, taken together, satisfy the requirement in MCL 750.122(6) of "2 or more acts done in the perpetration of th[e] felony[.]"

In concluding that defendant's single video call involved two separate acts, we reject the circuit court's position that "[i]dentifying portions of one video call—one conversation—does not create separate, distinguishable acts." If defendant had spoken only with her mother or AT during that one video call, the circuit court's approach might be sustainable. But defendant directed some comments exclusively to her mother and other comments to AT as well, thereby instilling concern in the witness herself, i.e., AT, and the witness's transportation to court, i.e., defendant's mother.

-3-

Defendant insists that she spoke only to her mother, and never to AT, but the record belies that contention. When AT testified at defendant's preliminary examination on November, 8, 2021, she offered the following comments about her participation in the video call made by defendant:

> *Q.* So, *on the morning of September 1st, did you talk to your mom*?
>
> *A. Yes.*
>
> *Q.* How did you talk to your mom?
>
> *A.* She was on the phone with my grandma.
>
> *Q.* And where did this occur?
>
> *A.* She–
>
> *Q.* Where were you when–
>
> *A.*–was in the same room. We were at my aunt and my uncle's house, and I was in the kitchen and my grandma was in the kitchen on the phone with my mom.
>
> *Q.* Okay. And what did you hear your mom say?
>
> *A.* That to not go to court, that she doesn't want me to go through all this and just tell the truth, don't lie, that this never happened.
>
> *Q.* Okay. And what else did she say?
>
> *A.* She said–she showed my mom and–she showed my brother and then she said that to say *our* last goodbyes because you're not going to be able to see him anymore or talk to him. [Emphasis added.]

Defendant's instruction to her mother and AT to "say our last goodbyes" leaves no doubt that that comment was directed at AT. When AT was subsequently asked how defendant's comment about her brother made her feel, AT responded: "Sad and worried. Worried because of me not being able to see my brother again and me thinking she's going to be serious about that." Consequently, defendant's insistence that none of her comments were aimed at AT is untenable. As a result, we conclude that defendant committed two acts in her video call, thereby supporting venue in Oakland County under MCL 762.8 for the charge of witness intimidation under MCL 750.122(6). For that reason, we must reverse the decisions of the lower courts and remand the criminal case for further proceedings in Oakland County.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Douglas B. Shapiro
/s/ Christopher P. Yates